## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR57** |
| **Plaintiff,** | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **ARMANDO MARES-JACINTO,** | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The Defendant originally objected as stated in the Addendum to the PSR. The government adopted the PSR. (Filing No. 24.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant's objections, insofar as they address the portion of the plea agreement made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that requires a sentence of no more than 10 months imprisonment, are granted. Otherwise, such objections are denied. The Court intends to uphold the plea agreement.

The Defendant objects to the information in ¶ 45 regarding alleged gang activity, arguing that the inclusion of such information violates the Defendant's rights under the Confrontation Clause. The Eighth Circuit has stated:

> This court has determined that the confrontation clause does not apply in sentencing proceedings. As long as the out-of-court information relative to the circumstances of the crime bears an indicia of reliability, then the sentencing court can consider it without providing the defendant with a right to confrontation. *United States v. Atkins,* 250 F.3d 1203, 1212-13 (8th Cir.2001) (noting that the sentencing court has wide discretion as to the kind of information considered or its source).

*United States v. Wallace,* 2005 WL 1200892 (8th Cir. May 23, 2005).

As indicated in the Addendum, the information "bears an indicia of reliability," and the objection is denied.

Finally, the Defendant objects to the imposition of a term of supervised release under *United States v. Booker,* 125 S. Ct. 738 (2005).  The Eighth Circuit has determined that, even prior to *Booker,* Chapter 7 of the sentencing guidelines governing supervised release was advisory and *Booker* does not apply to the issue of supervised release. *United States v. Stafford,* 2005 WL 1220362, at *1 (8th Cir. May 23, 2005) (unpublished).

In summary, the Defendant's objections are denied.

IT IS ORDERED:

1.   The parties are notified that my tentative findings are that the Presentence Investigation Report is correct in all respects;

2.   The Defendant's objections (Addendum to PSR) to the PSR are denied;

3.   The Court intends to uphold the plea agreement, absent unusual circumstances, insofar as the Rule 11(c)(1)(C) agreement for a sentence not exceeding 10 months imprisonment;

4.   If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.      Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 16th day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp  
United States District Judge